Eural WILLS, Appellant,

v.

Nurse HAINES, Appellee.

No. 01–2131.

United States Court of Appeals,
Eighth Circuit.

Submitted June 29, 2001.

Filed Sept. 26, 2001.

Before WOLLMAN, Chief Judge,
HANSEN, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

PER CURIAM.

Eural Wills, a prisoner at the United
States Medical Center for Federal Prison-
ers in Springfield, Missouri (Center), ap-
peals the district court's pre-service dis-
missal of his *Bivens*[1] action and the court's
denial of his motion to reconsider. Wills,
who suffers from total renal failure, al-
leged in his complaint that Nurse Haines
of the Center's dialysis unit "negligently
misplaced a hemodialysis needle in [his]
left arm," causing irreparable nerve dam-
age as diagnosed by an "outside neurolo-
gist." The district court dismissed the
complaint pursuant to 28 U.S.C.
§ 1915A(b) (permitting dismissal of inmate
civil complaint if it fails to state claim upon
which relief may be granted) because neg-
ligence claims are not cognizable under
*Bivens*.

In his timely motion to reconsider, Wills
added allegations that Haines, angry be-
cause Wills insisted she follow established
procedure for correct identification of his
artificial kidney, had "deliberately stabbed
him" with the needle; he provided a con-
sulting neurologist's report opining that
Wills's nerve damage was consistent with
traumatic injury. The district court de-
nied Wills's motion and denied leave to
proceed in forma pauperis (IFP) on ap-
peal. Wills has renewed his IFP motion in
this court.

After de novo review, *see Cooper v.
Schriro*, 189 F.3d 781, 783 (8th Cir.1999)
(per curiam), we find that the allegations
in Wills's motion for reconsideration were
sufficient to allege an Eighth Amendment
violation by Nurse Haines. *See Hudson v.*

1. *Bivens v. Six Unknown Named Agents of Fed.
Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971).

*McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (contemporary standards always are violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident). Therefore, dismissal of Wills's claim was premature. *See Williams v. Dep't of Corr.,* 208 F.3d 681, 682 (8th Cir.2000) (per curiam) (when complaint did not state claim but court could infer, from pro se prisoner's post-judgment pleadings, allegation of retaliation for engaging in constitutionally protected activity, prisoner should have been given opportunity to amend complaint).

Accordingly, we grant Wills permission to proceed IFP, leaving the fee-collection details to the district court in accordance with 28 U.S.C. § 1915(b); and we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.